**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**HARRY A. CUTCHIN,**

Plaintiff,

v. Civil Action No. **3:08CV802**

**EDWARD HOGSHIRE,**

Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley,* 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims

the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary of Allegations and Claims**

Plaintiff is suing Defendant Edward Hogshire, Judge of the Sixteenth Judicial Circuit Court for the Commonwealth of Virginia, who presided over Plaintiff's conviction and sentence. Plaintiff alleges that Defendant Hogshire instructed the jury during deliberation on the theories of concert of action and principal in the second degree. These theories, however, were not charged in the indictment or addressed during trial, nor did the indictment name any co-defendants. Plaintiff makes the following claims:

Claim 1: Defendant violated Plaintiff's rights under the First Amendment by denying him an opportunity to defend himself as to the new theories of liability;

Claim 2: Defendant violated Plaintiff's rights under the Fifth Amendment by constructively amending the indictment;

Claim 3: Defendant violated Plaintiff's rights under the Sixth Amendment by effectively denying him a jury trial;

Claim 4: Defendant violated Plaintiff's rights under the Eighth Amendment by acting as a grand jury; and,

Claim 5: Defendant violated Plaintiff's rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment by denying Plaintiff a chance to prepare a defense and shifting the burden of proof.

(Compl. 4-5.) Plaintiff requests damages in the amount of $21,000,000, and also requests that Defendant face criminal charges. Defendant has filed motions to dismiss raising the defenses of

judicial immunity and statute of limitations. (Docket Nos. 5, 6.) Plaintiff has responded to Defendant's motions to dismiss, and Defendant has replied to Plaintiff's responses.

**Analysis**

The Supreme Court has explained that "'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (*quoting Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity is an absolute defense, not merely to liability or damages, but to suit under 42 U.S.C. § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Only two exceptions apply to judicial immunity: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11-12 (citations omitted).

Whether an action is judicial in nature depends upon "the 'nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Clay v. Yates*, 809 F. Supp. 417, 423 (E.D. Va. 1992) (*quoting Stump*, 435 U.S. at 362). Giving jury instructions unquestionably falls within the purview of acts performed solely by a judge. Thus, Defendant here clearly acted in his capacity as a judge of the Sixteenth Judicial Circuit Court.

Plaintiff argues that Defendant acted in the complete absence of jurisdiction because he expanded the grand jury's indictment, "which (no) Judge has the authority to do." (Pl.'s Resp. to Deft.'s Mot. to Dismiss ¶ 2.) It is well settled, however, that judicial immunity is not abnegated

merely because an act exceeds a judge's authority. *King v. Myers*, 973 F.2d 354, 356-57 (4th Cir. 1992) (distinguishing between acts "in 'excess of jurisdiction'" and acts "performed in the 'clear absence of all jurisdiction over the subject-matter'" (*quoting Stump*, 435 U.S. at 356 n.6)). Federal courts construe the jurisdiction of state courts broadly. *Stump*, 435 U.S. at 356. Circuit Courts in the Commonwealth of Virginia have original jurisdiction "of all cases, civil or criminal, in which an appeal may be had to the Supreme Court." Va. Code Ann. § 17.1-513. Petitioner's conviction for robbery and subsequent life sentence are not exempted from Supreme Court review. Va. Code Ann. § 17.1-410. In the case at bar, Defendant did not act in the clear absence of jurisdiction. Accordingly, it is RECOMMENDED that Defendant's motion to dismiss on the grounds of judicial immunity be GRANTED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing his claims. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each

defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

/s/ MHL
M. Hannah Lauck
United States Magistrate Judge

Date: 5/29/09
Richmond, Virginia