

FILED
SEP - 9 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**HARRY A. CUTCHIN,**

    Plaintiff,

v.                                                                               Civil Action No. **3:08CV802**

**EDWARD HOGSHIRE,**

    Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**
The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).
    "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.
    The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

Plaintiff is suing Defendant Edward Hogshire, Judge of the Sixteenth Judicial Circuit Court for the Commonwealth of Virginia, who presided over Plaintiff's conviction and sentence. Plaintiff alleges that Defendant Hogshire instructed the jury during deliberation on the theories of concert of action and principal in the second degree. These theories, however, were not charged in the indictment or addressed during trial, nor did the indictment name any co-defendants. Plaintiff makes the following claims:

| | |
|---|---|
| Claim 1: | Defendant violated Plaintiff's rights under the First Amendment by denying him an opportunity to defend himself as to the new theories of liability; |
| Claim 2: | Defendant violated Plaintiff's rights under the Fifth Amendment by constructively amending the indictment; |
| Claim 3: | Defendant violated Plaintiff's rights under the Sixth Amendment by effectively denying him a jury trial; |

Claim 4: Defendant violated Plaintiff's rights under the Eighth Amendment by acting as a grand jury; and,

Claim 5: Defendant violated Plaintiff's rights under the Due Process and Equal Protection clauses of the Fourteenth Amendment by denying Plaintiff a chance to prepare a defense and shifting the burden of proof.

(Compl. 4-5.) Plaintiff requests damages in the amount of $21,000,000, and also requests that Defendant face criminal charges. Defendant has filed motions to dismiss raising the defenses of judicial immunity and statute of limitations. (Docket Nos. 5, 6.) Plaintiff has responded to Defendant's motions to dismiss, and Defendant has replied to Plaintiff's responses.

## Analysis

The Supreme Court has explained that "'judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (*quoting Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity is an absolute defense, not merely to liability or damages, but to suit under 42 U.S.C. § 1983. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Only two exceptions apply to judicial immunity: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted).

Whether an action is judicial in nature depends upon "the 'nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Clay v. Yates*, 809 F. Supp. 417, 423 (E.D. Va. 1992) (*quoting Stump*, 435 U.S. at 362). Giving jury instructions unquestionably falls within the purview of acts performed solely by a judge. Thus, Defendant here clearly acted in his capacity as a judge of the Sixteenth Judicial Circuit Court.

Plaintiff argues that Defendant acted in the complete absence of jurisdiction because he expanded the grand jury's indictment, "which (no) Judge has the authority to do." (Pl.'s Resp. to Deft.'s Mot. to Dismiss ¶ 2.) It is well settled, however, that judicial immunity is not abnegated merely because an act exceeds a judge's authority. *King v. Myers*, 973 F.2d 354, 356-57 (4th Cir. 1992) (distinguishing between acts "in 'excess of jurisdiction'" and acts "performed in the 'clear absence of all jurisdiction over the subject-matter'" (*quoting Stump*, 435 U.S. at 356 n.6)). Federal courts construe the jurisdiction of state courts broadly. *Stump*, 435 U.S. at 356. Circuit Courts in the Commonwealth of Virginia have original jurisdiction "of all cases, civil

or criminal, in which an appeal may be had to the Supreme Court." Va. Code Ann. § 17.1-513. Petitioner's conviction for robbery and subsequent life sentence are not exempted from Supreme Court review. Va. Code Ann. § 17.1-410. In the case at bar, Defendant did not act in the clear absence of jurisdiction. Accordingly, it is RECOMMENDED that Defendant's motion to dismiss on the grounds of judicial immunity be GRANTED.

(May 29, 2009 Report and Recommendation.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Plaintiff filed objections, to which Defendant has replied.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). This Court may adopt without *de novo* review any portion of the magistrate judge's recommendation to which Petitioner does not raise a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. PLAINTIFF'S RESPONSE TO THE REPORT AND RECOMMENDATION

In his objections to the Report and Recommendation, Plaintiff focuses primarily on the alleged violation of his rights at trial. On the issue of judicial immunity, Plaintiff argues as follows:

> Judge Hogshire acted in all absence of all jurisdiction when he gave instruction to the jury, making them believe that it would be OK to find the Plaintiff guilty of concert of action and [principal] in the second degree without a co-defendant which changed the indictment information which is well establish[ed] Federal law, govern by the <u>supremacy, legislature</u> and grand jury who passes a true bill, and any high official who violates well establish[ed] law who knew right from wrong before he acts, can be held liable for monetary damages and therefore, this is not <u>normal</u> for Judges in Virginia to answer question of this magnitude and change the theory, nature, character of the trial subject matter.

(Obj. Report and Recomm. 4 (capitalization corrected).) Plaintiff argues that the presentation of the new theory of criminal liability stripped his trial of any meaning, and that he "never received a trial period." (Obj. Report and Recomm. 4.) Nevertheless, Plaintiff fails to show that Virginia law stripped Defendant of the authority to make the final decision as to whether or how to charge the jury. Plaintiff's insistence that a clear violation of his civil rights occurred does not change this analysis. Judicial immunity is an absolute defense distinct from qualified immunity, which protects only government officials who could reasonably have believed their actions did not violate any constitutional right. *See Hunsberger v. Wood*, 570 F.3d 546, 552 (4th Cir. 2009) (explaining that officials "'generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'" (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982))). The authority Plaintiff brings to this Court's attention does not establish that the alleged error at Plaintiff's trial divested Defendant of all jurisdiction over Plaintiff's criminal case. *See Harper v. Merckle*, 638 F.2d 848, 858-59 (5th Cir. Unit B Mar. 1981) (denying judicial immunity because acts were not judicial in nature); *Zarcone v. Perry*, 572 F.2d 52, 53 (2d Cir.

1978) (affirming, without analysis of judicial immunity defense, award of punitive damages against judge who ordered coffee vendor brought to him in handcuffs and threatened to file criminal charges for vending "putrid" coffee). Defendant is entitled to judicial immunity.

Plaintiff argues that he has been prejudiced by the Court's failure to require Defendant to reply to his interrogatories. Judicial immunity is an immunity from suit, not merely a defense to liability. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Allowing discovery at this early stage would defeat the purpose of the doctrine, which is to protect judges from harassment and retaliation for their official acts. *Butz v. Economou*, 438 U.S. 478, 512 (1978). Plaintiff also contends that he is prejudiced because Defendant is represented by the Attorney General's office despite not being entitled to free representation under Virginia law. Plaintiff, who relies on a Virginia case relating to the doctrine of sovereign immunity, *Messina v. Burden*, 321 S.E.2d 657 (Va. 1984), provides no support for his proposition. Moreover, Plaintiff fails to explain how any right of his is violated by Defendant's representation.

Plaintiff's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED AND ADOPTED, and the action will be DISMISSED AS FRIVOLOUS. All outstanding motions will be DENIED AS MOOT. The Clerk will be DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
James R. Spencer
Chief United States District Judge

Date: 9-9-09
Richmond, Virginia